UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

C.A. No. 26-99999

2:26-cv-4352-BHH-MGB

| | |
|---|---|
| Justin Bullock<br><br>Plaintiff,<br><br>v.<br><br>Charleston County School District, and Jennifer Coker, in her individual capacity<br><br>Defendants. | **COMPLAINT**<br>(Jury Trial Requested) |

The Plaintiff, Dion Davis, complaining of the above named Defendants, would respectfully show unto this Honorable Court, the following:

## I. PARTIES, JURISDICTION, AND VENUE

1. The Plaintiff, Justin Bullock is a resident and citizen of the city of Columbia, County of Richland and State of South Carolina.

2. The Defendant, Charleston County School District (herein after referred to as "District") is a subdivision of the State of South Carolina. located in Charleston County, State of South Carolina.

3. Upon information and belief, the Defendant Jennifer Coker (herein after referred to as "Coker") is a citizen and resident of Berkely County, State of South Carolina.

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1343, because this action is based on 42 U.S.C. § 1981 and 2000(e)2 *et. seq.* and Title VII of the Civil Rights Act of 1964, the 14th Amendment to the Constitution of the United States

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

C.A. No. 26-99999

| | |
|---|---|
| Justin Bullock<br><br>Plaintiff,<br><br>v.<br><br>Charleston County School District, and Jennifer Coker, in her individual capacity<br><br>Defendants. | **COMPLAINT**<br>(Jury Trial Requested) |

The Plaintiff, Justin Bullock, complaining of the above named Defendants, would respectfully show unto this Honorable Court, the following:

## I. PARTIES, JURISDICTION, AND VENUE

1. The Plaintiff, Justin Bullock is a resident and citizen of the city of Columbia, County of Richland and State of South Carolina.

2. The Defendant, Charleston County School District (herein after referred to as "District") is a subdivision of the State of South Carolina. located in Charleston County, State of South Carolina.

3. Upon information and belief, the Defendant Jennifer Coker (herein after referred to as "Coker") is a citizen and resident of Berkely County, State of South Carolina.

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1343, because this action is based on 42 U.S.C. § 1981 and 2000(e)2 *et. seq.* and Title VII of the Civil Rights Act of 1964, the 14th Amendment to the Constitution of the United States

of America, and Title 9 the United States code 20 U.S.C. § 1681-1688.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the Defendants are are all, and each of them, situated in, or reside in, the Charleston Judicial Division of the United States District Court for the District of South Carolina, and the alleged unlawful and/or wrongful acts giving rise to the Plaintiff's claims were committed within the geographic boundaries of the Charleston Judicial Division of the United States District Court, District of South Carolina.

## II. FACTS

6. That the Defendant, "District" is a public school district, operating at all times relevant hereto, approximately 85 schools and specialized programs, including alternative programs, within the confines of Charleston County, State of South Carolina, and employing approximately 6,500 total employees within Charleston County, State of South Carolina, and an annual budget in excess of 618.3 million general operating budget in the 2021-2022 school year, and is now over 965 million in it's general operating budget, and receives federal financial assistance from the United States Government.

7. That at all times relevant hereto, the Liberty Hill Academy was and is a school and or program operated by the Department of Alternative Programs of the Defendant District located at 5-25 W. Enterprise Street, City of Noth Charleston, Charleston County, State of South Carolina.

8. That the Plaintiff is a white male, now age 39, (Date of Birth, July 17, 1987) from August of 2020 through on or about March 2022 was employed by the Defendant District as a History and Language Arts teacher at Liberty Hill Academy.

9. That during the entire time period from August of 2020 through August of 2022, the Defendant Coker was the Executive Director of Alternative Programs operating by and within the Defendant District, including Liberty Hill Academy, and was in charge of student discipline for all students in the District and was the supervisor of Principals of Liberty Hill Academy during the entire time period of August 2020 through June of 2022.

10. That during the entire time period from August of 2020 through March of 2022 the Plaintiff was frequently and regularly sexually and racially harassed by students at Liberty Hill Academy during school hours while the Plaintiff was required to be present at Liberty Hill Academy, being called faggot, bitch, white ass bitch throughout the entire building of Liberty Hill Academy.

11. That the Administrative Team of Liberty Hill Academy knew of the sexual and racial harassment of the Plaintiff, but were recklessly indifferent to that harassment.

12. That the Administrators of Liberty Hill Academy during the above state time period were aware of the racial and sexual harassment of the Plaintiff because the Plaintiff made regular student discipline referrals of the racial and sexual harassment he was subjected to, and the Administrators of Liberty Hill Academy would often change the referrals to lessen the seriousness of the offense and lessen the consequences to the student who was racially and sexually harassing the Plaintiff; the result of which was to enable the student to continue racially and sexually harass the Plaintiff.

13. The Plaintiff had several personal conversations during the above time period with the Administrators at Liberty Hill Academy about the racial and sexual harassment he was being subjected to by the students and told them how upset it made him, but the

Administrators did not adequate or timely deal with the racial and sexual harassment of the Plaintiff in an adequate manner to stop the harassment.

14. That when the Plaintiff personally told the Administration at Liberty Hill Academy that a student put their hands down his front pockets and backed him into a wall and told him that the Plaintiff was their "Bitch", the Administrator responded to Plaintiff's complaint by telling the Plaintiff, "I guess he just wanted to make you his bitch".

15. That the racial and sexual harassment of the Plaintiff as set forth above was unwelcome to the Plaintiff, sufficiently severe and pervasive as to alter the conditions of the Plaintiff's employment with the Defendant District, was based on the Plaintiff's race (white) and sexual orientation (as a gay, white male), and should be legally imputed to the Defendant District as the Administration of Liberty Hill Academy knew about or personally should have known about the racial and sexual harassment of the Plaintiff, but was recklessly indifferent to it and did not adequately respond.

16. That the Defendant Coker failed to adequately manage or control the actions and omissions of the Administrators of Liberty Hill Academy during the above time period with regard to providing adequate resources or training for the Administrators to be able to deal with student behavior at the school with regard to racial and sexual harassment of teachers there, including the Plaintiff, nor did the Defendant Coker give adequate oversight over the known discipline problems at Liberty Hill Academy, which resulted in the racial and sexual harassment of the Plaintiff as described above.

17. That the Defendant Coker, in her capacity as head of student discipline for the Defendant District knew that racial and sexual slurs against teachers were frequent occurrences in most of the secondary schools of the Defendant District during the time

the Plaintiff was subjected to racial and sexual slurs at Liberty Hill Academy, and the Defendant Coker ignored or was recklessly indifferent to this behavior.

18. That the Defendant Coker was recklessly indifferent to the racial and sexual harassment that teachers in the Defendant District were subjected to, including the Plaintiff, because the Defendant Coker did not believe that racial and sexual slurs were offensive or unwelcome to her personally if used by students, and the Defendant District policy about Administration handling of racial and sexual slurs against employees of the Defendant District, including the Plaintiff reflected that policy and resulted in the Defendant District enabling that racial and sexual harassment to continue as it was not adequately dealt with.

19. That as a direct result of the above stated racial and sexual harassment the Plaintiff suffered depression and aggravation of pre-existing Post Traumatic Stress necessitating medical care, incurring of medical expenses and time missed from work.

20. That on July 1, 2026, the Plaintiff's attorney received an email from the U.S. Equal Employment Opportunity Commission of the "Notice of Right to Sue" (Issued on Request) allowing the Plaintiff to file suit regarding the allegations set forth in this Complaint.

## I. FOR A FIRST CAUSE OF ACTION
## (Violation of Civil Rights 42 U.S.c.§1981)

21. Plaintiff repeats and realleges all of the preceding paragraphs as if restated verbatim hereto.

22. That while acting under color of state law as agents of the Defendant District, the Defendant Coker has discriminated against the Plaintiff by being consciously indifferent

to and tolerating a racially and sexually hostile environment for the Plaintiff to work in while employed at the Liberty Hill Academy during school hours and on school grounds while the Plaintiff was legally entitled and in fact required to be there.

23. That the acts and omissions of the Defendants, and each of them were grossly negligent and reckless indifferent with regard to Plaintiff's constitutional and statutory rights to work in an environment not subjected to racial and sexual harassment during the time period the Plaintiff was employed at Septima P. Clark Academy and the Defendant Coker was in charge of student discipline for the entire Defendant District.

24. That as a direct result of the actions and inactions of the Defendants, and each of them, as stated above, and the grossly negligent and reckless disregard and indifference by the Defendants and each of them to the Plaintiff's constitutional and statutory right to work in an environment not subjected to racial and sexual harassment, the Plaintiff suffered actual and consequential damages, including adverse physical symptoms, psychological disturbances, symptoms of depression, increased anxiety, stress and post- traumatic stress requiring medical treatment and the incurring of medical expenses.

25. That the actions and omissions of as set forth above, were the actions of Final Decision Makers and were the actions and omissions of high-ranking Administrators of the Defendant "District" regarding the conditions of employment of the Plaintiff at the Liberty Hill Academy to the degree that their actions and omissions are those of the Defend interfering with the Plaintiff's right to employment without being subject to racial harassment.

## II. FOR A SECOND CAUSE OF ACTION
**(Violation of Civil Rights 42 U.S.C. 1983)**

26. The Plaintiff repeats and realleges the preceding paragraphs as if restated verbatim herein.

27. While acting under color of state law, the Defendants, and each of them, discriminated against the Plaintiff of the basis of her race and gender, in violation of his right to equal protection of rights provided for in the 14th Amendment to the Constitution of the United States of America, by subjecting the Plaintiff to a racially and sexually hostile work environment.

28. That while acting under color of state law, the Defendants, and each of them, have discriminated against the Plaintiff on the basis of his race and sex in violation of his right to work in an environment free of racial and sexual harassment.

29. The Defendants' actions and each of them, as above stated, were intentional, willful, malicious, and in reckless disregard of the Plaintiff's federally protected rights and Plaintiff is entitled to actual, consequential and compensatory damages as well as reasonable attorney fees and costs, under Section 42 U.S.C. §1983 against all Defendants, and punitive damages against the Defendants Haynes, Coker and Shaw

## III. FOR A THIRD CAUSE OF ACTION
**(Violation of Title VII of the Civil Rights Act of 1964, as amended) Section 2000(e)**

30. Plaintiff repeats and realleges all of the preceding paragraphs as though restated verbatim herein.

31. Title VII of the Civil Rights Acts of 1964, as amended, 42 U.S.C.§2000(e)2 prohibits

employment discrimination based on race, color, religion, sex and national origin, and under Title VII and employer may not discriminate against an employee with regard to any term, condition or privilege of employment.

32. The Defendant District and Defendant Coker, as agents and high- ranking Administrators with final decision-making authority over the Plaintiff are employers covered by the provisions of Title VII of the Civil Rights Act of 1964, 42U.S.C.§2000(e)2, et. seq,

33. On or about July 1, 2026 the Plaintiff's attorney was emailed a "Notice of Right to Sue(Issued on Request)" from the United States Equal Employment Opportunity regarding the Plaintiff's charge of racial and sexual discrimination and the other allegations set forth in the Plaintiff's Charge of Discrimination dated 2-16-2022, including claims under Title VII 42 U.S.C.§2000(e)2.

34. The Defendants' and each of them as above stated and repeated verbatim herein, caused the Plaintiff to work in an atmosphere of racial and sexual hostility, including frequent racial and sexual slurs by students, directed at him.

35. That the racially and sexually hostile environment described above adversely affected the terms and conditions of the Plaintiff's employment with the District and violated Plaintiff's rights under 42U.S.C.§2000(e).

36. As a direct and proximate result of the Defendant's conduct, and each of them, as described above in violation of 42U.S.C.§2000(e), and Title VII, the Plaintiff has suffered stress, anxiety, adverse physical symptoms, psychological disturbances, fear, elevated high blood pressure, aggravation of Post-Traumatic Stress for which the Plaintiff had to seek medical treatment for, incur medical expenses and also time from

work.

37. The actions and omissions of the Defendants, and each of them as described above were unlawful, knowing, and in reckless disregard and recklessly indifferent to Plaintiff's federally protected rights and Plaintiff is entitled to actual, consequential, compensatory damages, as well as attorney fees and cost under Title VII and 42U.S.C.§2000(e) against all of the Defendants, and punitive damages as well as against the Defendants Coker.

**IV. FOR A FOURTH CAUSE OF ACTION**
**(Violation of Title IX, 42 U.S.C.§1681-1688)**

38. The Plaintiff repeats and realleges the preceding paragraphs as if restated verbatim herein.

39. 42U.S.C.§1681 (a) specifically states that "no person in the United States shall on the basis of sex, be excluded from participation in, be denied the benefits of or be subjected to discrimition under any education program or activity receiving federal financial assistance, and as stated above, while acting under color of state law the Defendants and each of them, excluded the Plaintiff from participation in, denied the Plaintiff the benefits of and subjected the Plaintiff to discrimination from working in an education program, working as a History and English Language Arts teacher at a Charleston County public school by subjecting him to unwelcome sexual advances and unwelcomed sexual touching and sexual harassment by students.

40. The Defendants actions and omissions as above stated were done under color of state law with reckless indifference to the federally protected rights of the Plaintiff under Title IX, Section 42 U.S. C.§1681-1688, and entitles the Plaintiff to actual and

consequential and compensatory benefits as well as attorney fees from all of the Defendants and each them, as well as punitive damages against the Defendant Coker.

41. That the actions and omissions of Defendant Coker, were the actions of final decision makers with the Defendant District and were the actions and omissions of high-ranking Administrators of the Defendant District regarding the condition of the Plaintiff's employment with the Defendant District so that the actions and omissions of the Defendant Coker are those of the Defendant District for purposes of Liability under 42 U.S.C.§1681-1688.

WHEREFORE, having fully set forth her allegations against the Defendants, and each of them, the Plaintiff respectfully requests the following relief:

1. Compensatory damages for emotional trauma, mental anguish, and any physical symptoms of ill health, stress, anxiety, insomnia, change in his personality, medical expenses and income loss, and his "Situational Anxiety" acceleration to Post-Traumatic Stress Disorder, all of which contributed to the Plaintiff seeking early retirement;
2. Actual damages against all of the Defendants;
3. Punitive damages against the Defendant "Coker";
4. Reasonable attorney fees and costs; and
5. For such other and further relief as this Court deems just and proper.

Plaintiff demands a Jury Trial.

KOBROVSKY LAW OFFICE, LLC

By/s/ *Lawrence C. Kobrovsky*
Lawrence C. Kobrovsky, Esquire
Federal Bar Number: 5294
SC Bar Number: 3592
198 Rutledge Ave., Suite 7
Charleston, SC 29402-1726
Telephone (843)853-3703
Facsimile (843)853-2331
kobrovskyl@bellsouth.net

September 29, 2026

Charleston, South Carolina